**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SS&C Technology Holdings, Inc.,<br><br>*Plaintiff*,<br><br>-against-<br><br>AIG Specialty Insurance Company,<br><br>*Defendant*. | Civil Action No. 19-cv-07859-JSR |

**AIG SPECIALTY INSURANCE COMPANY'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

AIG Specialty Insurance Company ("AIG Specialty"), by and through its undersigned counsel, hereby moves for an order dismissing the Complaint [Dkt. 1] pursuant to Fed. R. Civ. P. 12 (b)(6).

SS&C admits that it has filed suit seeking indemnity coverage for its settlement of a breach of contract claim concerning criminals using "spoof emails" to trick SS&C into improperly using its authority over its client's bank account to send $5.9 million of its client's funds to bank accounts controlled by criminals in Hong Kong. (*See* Dkt. 1, Compl., ¶¶ 3, 19, 20 & 23.) Exclusion 3(a) in the policy contains an exclusion that precludes indemnity coverage for loss "attributable to a dishonest, fraudulent criminal or malicious act." (Dkt. 1-2, p. 68/124.) The underlying claim against SS&C alleges, arises out of, is based upon or attributable to what was indisputably *dishonest, fraudulent, criminal or malicious act, error or omission, or an intentional or knowing violation of the law*. Because the underlying action "arose out of . . . *dishonest, fraudulent,* [and] *criminal*" conduct—the theft of funds by a third-party fraudster that tricked SS&C with "spoof" emails—Exclusion 3(a) precludes indemnity coverage.

SS&C's declaratory judgment cause of action should be dismissed for an additional reason. SS&C alleges a breach of contract claim in Count One and a declaratory relief claim in Count Two. Where, as here, the same conduct underlies the causes of action for declaratory judgment and breach of contract, courts generally dismiss the declaratory judgment claim as duplicative in favor of "the better or more effective remedy" of "the underlying litigation itself." *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 311, 312 (S.D.N.Y. 2010).  A resolution of the breach of contract claim will answer the questions SS&C raises in its declaratory judgment claim, rendering it duplicative. Here, there exists "a better or more effective remedy": resolution of the breach of contract claim. Accordingly, SS&C's declaratory judgment cause of action should be dismissed.

Additionally, Plaintiff's claim for "breach of the covenant of good faith and fair dealing" in Count Three must be dismissed because it rests on the false premise that AIG Specialty wrongfully denied indemnity coverage to SS&C. The AIG Specialty policy bars indemnity coverage for the underlying action as discussed above, and accordingly Plaintiff has no right of reimbursement for monies it paid in settlement of the underlying lawsuit. Further*,* neither Connecticut nor New York law recognizes claims of "procedural bad faith." As a result, these allegations are legally insufficient to sustain a claim of bad faith in Count Three.

For these reasons, and as explained in the corresponding memorandum of law, AIG Specialty respectfully requests that this Court dismiss the Complaint.

Dated: October 7, 2019  Respectfully submitted,

**ATTORNEYS FOR DEFENDANT,
AIG SPECIALTY INSURANCE
COMPANY**

By: */s/ JoAnna M. Doherty*
JoAnna M. Doherty, Esq.
Gordon Rees Scully Mansukhani LLP
1 Battery Park Plaza, 28th Floor
New York, New York 10004
Email: jmdoherty@grsm.com


By */s/ Dennis O. Brown*
Dennis O. Brown Pro Hac Vice
Email: dbrown@grsm.com
Regen O'Malley Pro Hac Vice
Email: romalley@grsm.com
Greil I. Roberts Pro Hac Vice
Email: groberts@grsm.com
Attorneys for Defendant
(admitted *pro hac vice*)
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
p: (860) 494-7503
f: (860) 560-0185

## **CERTIFICATE OF SERVICE**

The foregoing document was filed electronically on this, the 7th day of October, 2019, in accordance with the Court's ECF system. Notice of this filing will be sent to all parties by operation of the Court's ECF system.

> By: */s/ Dennis O. Brown*
> Dennis O. Brown