## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | 1:19-cv-07859(JSR) |
| SS&C TECHNOLOGIES HOLDINGS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | |
| AIG SPECIALTY INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

### [PROPOSED] PROTECTIVE ORDER

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. The person producing any given Confidential Discovery Material may designate as "Confidential" only such portion of: (a) previously nondisclosed financial information (including

without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins); (b) previously nondisclosed material relating to ownership or control of any non-public company; (c) business plans, strategies, research, data, marketing plans or methods that have had limited internal distribution; (d) individual personal information of third parties; (e) trade secrets or other confidential research, development, financial, proprietary, or commercial information within the meaning of Fed. R. Civ. P. 26(c); (e) any information of a personal or intimate nature regarding any individual; (f) information subject to a confidentiality obligation to a third party, including contractual confidentiality obligations; (g) any other sensitive non-public information that, as of the date of production, has been subject to internal controls limiting its dissemination; and (h) any other category of information hereinafter given confidential status by the Court. For purposes of this paragraph 1, the phrase "previously nondisclosed" shall include, without limitation:  (i) any disclosure of documents or information to a governmental agency or entity (but not including documents filed publicly); (ii) any disclosure pursuant to a discovery request or subpoena; (iii) material disclosed in an arbitration or mediation that is required to be treated as confidential under the rules, orders or agreements governing that arbitration or mediation; (iv) any disclosure under seal; and (v) any disclosure pursuant to a confidentiality agreement, confidentiality order or nondisclosure agreement.

2.      With respect to the Confidential portion of any Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or party, or counsel thereto, may designate such portion as "Confidential" by stamping or otherwise clearly marking as such the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Confidential Discovery Material with the

confidential information redacted (to the extent such redaction is practicable). With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information or documents, in which case the transcript of the designated testimony and any marked documents shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. If a producing person does not indicate on the record that the question calls for Confidential information or documents, the producing party must do so within 14 days of a transcript becoming available. Nothing in this paragraph shall preclude a producing party from requesting the relief available pursuant to paragraph 3 below.

3.      If at any time prior to the trial of this action, a producing person or party, or counsel thereto, realizes that some portion(s) of Confidential Discovery Material previously produced without limitation should be designated as "Confidential," such person or party may so designate by so apprising all parties in writing, and such designated portion(s) of the Confidential Discovery Material will thereafter be treated as Confidential under the terms of this Order. So long as the producing party has made reasonable efforts to designate its Confidential information appropriately, any production of information or documents without it being designated as such will not thereby be deemed a waiver of any future claim of confidentiality concerning such information or documents, which may thereafter be designated in compliance with this paragraph.

4.      No person subject to this Order other than the producing person or party shall disclose any of the Confidential Discovery Material designated by the producing person or party as "Confidential" to any other person whomsoever, except to:

(a)      the parties to this action and their respective officers, employees, principals,

3

agents, parents, affiliates, reinsurers and subsidiaries to the extent their assistance is required by counsel in litigating this action;

(b)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)     any actual or potential witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     any persons retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action and such persons within such experts' firms to the extent their assistance is required by such experts, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)     stenographers engaged to transcribe depositions conducted in this action;

(g)     regulators, reinsurers, and governmental agencies, or similar entities and their personnel, provided that notice to the producing person or party shall be given pursuant to the terms of Paragraph 16;

(h)     the Court and its support personnel;

(i)     any other person to whom the party producing the Confidential Discovery Material agrees in writing; and

(j)     any other persons upon further order of this Court.

5.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 4(d) or 4(e) above, such person shall be provided by counsel with a

copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

6.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

7.      Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only"), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

8.      All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Confidential Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as "Confidential."  The Court also retains unfettered discretion whether or not to afford confidential

treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application or proceeding that may result in an order and/or decision by the Court.

9.      Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  In the event of a disclosure of any Confidential document or information to any person(s) not authorized to receive such disclosure under this Order, the party responsible for having made such a disclosure, and each party with knowledge thereof, shall promptly notify the party whose material has been disclosed and provide all known relevant information concerning the nature and circumstances of the disclosure. The disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential information.

10.     If, in connection with this litigation, a party inadvertently discloses documents or information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12.     Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13.     Subject to the limitations set forth in Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502(b), and all other applicable law, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.  This Protective Order shall survive the termination of the litigation.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the producing party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material, and upon request certify to that fact in writing to counsel for the producing party.  Counsel retaining any vendors shall have the responsibility for ensuring their compliance with same.  Notwithstanding the foregoing, parties who are required to retain Confidential Discovery Material pursuant to any contract with reinsurers or to comply with federal, state or local regulators or as otherwise required by law, shall return or destroy such

materials when permitted under such requirements, provided, however, that those parties continue to maintain all such Confidential Discovery Material as confidential under the terms of this Order.  With respect to information stored on a party's internal data storage systems, that party shall continue to maintain all such Confidential Discovery Material as confidential under the terms of this Order, and apply any applicable document or data destruction procedures to such materials.  Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof under the terms of this Order and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the producing party or except as otherwise required by law.  All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

15.     Any materials produced in this action are for use solely in this litigation and cannot be used, produced, or otherwise relied on by the receiving party in another litigation or for any other purpose. If at any time material containing Confidential information is subpoenaed or requested by any court, arbitral, administrative, or governmental agency or entity, the party whom the subpoena or other request is directed shall, to the extent permitted by law, give prompt written notice thereof to the party who produced such material, to afford the producing party a reasonable period of time in which to object to the documents' disclosure and, if necessary, seek appropriate administrative or judicial relief prior to any such disclosure.

16.     This Court shall retain jurisdiction over all persons subject to this Order to the

extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.

        SO STIPULATED AND AGREED.

/s/ *Robin L. Cohen*
Robin L. Cohen
James H. Smith
MCKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, New York 10036
212-402-9801
rcohen@mckoolsmith.com
jsmith@mckoolsmith.com

*Attorneys for Plaintiff SS&C*
*Technologies Holdings, Inc.*

/s/ *JoAnna M. Doherty*
JoAnna M. Doherty, Esq.
Gordon Rees Scully Mansukhani LLP
1 Battery Park Plaza, 28th Floor
New York, New York 10004
jmdoherty@grsm.com

Dennis O. Brown
dbrown@grsm.com
Regen O'Malley
romalley@grsm.com
Greil I. Roberts
groberts@grsm.com
(admitted *pro hac vice*)
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
p: (860) 494-7503

*Attorneys for AIG Specialty Insurance Company*

Dated:  November 15, 2019

Dated:  November 15, 2019

        SO ORDERED.

_____
  JED S. RAKOFF, U.S.D.J.

New York, New York
Dated:

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SS&C TECHNOLOGIES HOLDINGS, INC. | : | Civil Action No.: 1:19-cv-07859-JSR |
| | : | |
| Plaintiff, | : | |
| v. | : | **Non-Disclosure Agreement** |
| | : | |
| | : | |
| AIG SPECIALTY INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.    By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    Signature: _____

-1-