**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SS&C Technology Holdings, Inc., <br><br> *Plaintiff*, <br><br> -against- <br><br> AIG Specialty Insurance Company, <br><br> *Defendant*. | Civil Action No. 1:19-cv-7859-JSR <br><br> **ANSWER AND AFFIRMATIVE DEFENSES** |

AIG Specialty Insurance Company ("AIG Specialty"), by and through its undersigned attorneys, Gordon Rees Scully Mansukhani, LLP, and for its Answer and Affirmative Defenses to the Complaint against it by SS&C Technologies Holdings, Inc. ("SS&C"), responds as follows:

**PRELIMINARY STATEMENT**

1. As paragraph 1 of the Complaint purports to characterize the nature of the Complaint, no response from AIG Specialty is required, and AIG Specialty denies such averments on that basis.

2. AIG Specialty admits that portion of paragraph 2 alleging that SS&C is "a financial services company that is a global provider of software and software-enabled services to thousands of clients, principally within the institutional asset and wealth management, alternative investment management, healthcare, brokerage, retirement, financial advisory, and financial institutions vertical markets." AIG Specialty further admits that portion of paragraph 2 alleging that SS&C purchased AIG Specialty "Risk Protector Policy No. 01-274-16-88" (the "Policy"), which includes professional liability coverage. AIG Specialty further admits that the Policy speaks for itself and

is the best evidence of the content of the Policy. To the extent the averments in Paragraph 2 of the Complaint are inconsistent with the Policy, said averments are denied.

3.      AIG Specialty admits that "Tillage filed suit against SS&C in [the] New York Supreme Court, styled *Tillage Commodities Fund, L.P. v. SS&C Technologies, Inc.*, No. 654765/2016 (Sup. Ct., N.Y. Cnty.)" (the "Tillage Action"). AIG Specialty further admits that the Tillage Action is a document that speaks for itself and is the best evidence of the content of the Tillage Action. To the extent the averments in Paragraph 3 of the Complaint are inconsistent with the Tillage Action, said averments are denied. Based on information and belief, AIG Specialty otherwise admits the remaining averments in paragraph 3 of the Complaint.

4.      AIG Specialty admits that SS&C purchased the Policy and that AIG Specialty paid Defense Costs in defense of the Tillage Action. AIG Specialty further admits that it did not accept SS&C's demand that it "fund" SS&C's settlement with Tillage in connection with the Tillage Action. The remaining averments in paragraph 4 of the Complaint are denied.

5.      AIG Specialty admits that portion of paragraph 5 alleging that it did not provide indemnity coverage to SS&C based in whole or in part on various Policy exclusions. AIG Specialty denies the remaining averments in paragraph 5 of the Complaint.

6.      AIG Specialty denies the averments in paragraph 6 of the Complaint.

## THE PARTIES

7.      Based upon information and belief, AIG Specialty admits the averments in paragraph 7 of the Complaint.

8.      AIG Specialty admits that it is an insurance company organized under the laws of the state of Illinois with its principal place of business in New York, New York, and issued the Policy. AIG Specialty is without knowledge or information sufficient to form a belief as to those averments in paragraph 8 pertaining to plaintiff's "belief."

**JURISDICTION AND VENUE**

9. AIG Specialty admits the averments in paragraph 9 of the Complaint.

10. AIG Specialty admits the averments in paragraph 10 of the Complaint.

**FACTUAL ALLEGATIONS**

## I. The Policy

11. AIG Specialty admits that portion of paragraph 11 alleging that, for a "premium[] paid," it "sold the Policy to SS&C, insuring SS&C for [certain] claims brought against it during the policy period from April 30, 2015 to April 30, 2016." AIG Specialty denies the remaining averments in paragraph 11 of the Complaint.

12. AIG Specialty admits that SS&C is an Insured under the Policy. AIG Specialty further admits that the Policy is a document that speaks for itself and is the best evidence of the content of the Policy. To the extent the averments in Paragraph 12 of the Complaint are inconsistent with the Policy, said averments are denied.

13. AIG Specialty admits that portion of paragraph 13 alleging that, "[a] copy of the Policy is attached as Exhibit A" to the Complaint, except that AIG Specialty denies that Exhibit A is a complete copy of the Policy. AIG Specialty further admits that the Policy and the Tillage Action are documents that speak for themselves and are the best evidence of the content of the those documents. To the extent the averments in Paragraph 13 of the Complaint are inconsistent with the Policy and the Tillage Action, said averments are denied.

14. AIG Specialty admits that the Policy is a document that speaks for itself and is the best evidence of the content of the Policy. To the extent the averments in Paragraph 14 of the Complaint are inconsistent with the Policy, said averments are denied.

15. AIG Specialty admits that the Policy is a document that speaks for itself and is the best evidence of the content of the Policy. To the extent the averments in Paragraph 15 of the Complaint are inconsistent with the Policy, said averments are denied.

16. AIG Specialty admits that the Policy is a document that speaks for itself and is the best evidence of the content of the Policy. To the extent the averments in Paragraph 15 of the Complaint are inconsistent with the Policy, said averments are denied.

17. AIG Specialty admits that the Policy is a document that speaks for itself and is the best evidence of the content of the Policy. To the extent the averments in Paragraph 15 of the Complaint are inconsistent with the Policy, said averments are denied.

18. AIG Specialty admits that the Policy is a document that speaks for itself and is the best evidence of the content of the Policy. To the extent the averments in Paragraph 15 of the Complaint are inconsistent with the Policy, said averments are denied.

II. The Tillage Action

19. AIG Specialty is without knowledge or information sufficient to form a belief as to the averments in Paragraph 19 of the Complaint.

20. AIG Specialty admits the averments in paragraph 20 of the Complaint to the extent such averments are consistent with the Tillage Action. To the extent that such averments are inconsistent with the Tillage Action, said averments are denied.

21. AIG Specialty is without knowledge or information sufficient to form a belief as to the averments in Paragraph 21 of the Complaint.

22. AIG Specialty admits that portion of paragraph 22 alleging that a copy of "the Tillage Action is attached as Exhibit B" to the Complaint. AIG Specialty further admits that the Tillage Action is a document that speaks for itself and is the best evidence of the content of the

Tillage Action. To the extent the averments in Paragraph 22 of the Complaint are inconsistent with the Tillage Action, said averments are denied.

23. AIG Specialty admits that portion of paragraph 23 to the extent it alleges that, "[o]n December 30, 2016, Justice Barry R. Ostrager" issued an Order and Memorandum Decision on SS&C's motion to dismiss. AIG Specialty further admits that the Memorandum Decision is a document that speaks for itself and is the best evidence of the content of that ruling. To the extent the averments in Paragraph 23 of the Complaint are inconsistent with Justice Ostrager's ruling, said averments are denied. AIG Specialty is without knowledge or information sufficient to form a belief as to the remaining averments in Paragraph 23 of the Complaint.

24. AIG Specialty admits that portion of paragraph 24 alleging that, on March 28, 2016, AIG Specialty was provided notice of the fraudulent scheme and a potentially "covered Loss under the Policy" (the "Claim"). AIG Specialty is without knowledge or information sufficient to form a belief as to the remaining averments in Paragraph 24 of the Complaint.

25. AIG Specialty admits that a "letter dated September 28, 2016," from "Kris Ann Cappelluti was issued.  AIG Specialty further admits that said letter is a document that speaks for itself and is the best evidence of the content of that letter. To the extent the averments in Paragraph 25 of the Complaint are inconsistent with the letter, said averments are denied.

26. AIG Specialty admits that a "letter dated September 28, 2016," from "Kris Ann Cappelluti was issued.  AIG Specialty further admits that said letter is a document that speaks for itself and is the best evidence of the content of that letter. To the extent the averments in Paragraph 26 of the Complaint are inconsistent with the letter, said averments are denied.

27. AIG Specialty admits that portion of paragraph 27 to the extent it alleges that its representatives and representatives of SS&C exchanged correspondences and participated in calls with one another regarding coverage for the Tillage Action under the Policy. AIG Specialty denies

that portion of paragraph 27 alleging that "none of the Exclusions are applicable." AIG Specialty further admits that the Policy and any written correspondences are documents that speak for themselves and are the best evidence of the content of those documents. To the extent the averments in Paragraph 27 of the Complaint are inconsistent with those documents, said averments are denied. AIG Specialty otherwise denies the remaining averments in paragraph 27 of the Complaint.

28. AIG Specialty denies that portion of paragraph 28 alleging that its denial of indemnity coverage was "premised on . . . inapplicable exclusions." AIG Specialty is without knowledge or information sufficient to form a belief as to the remaining averments in Paragraph 28 of the Complaint.

29. AIG Specialty admits that it consistently did not provide indemnity coverage in connection with the Tillage Action. AIG Specialty denies the remaining averments in paragraph 29 of the Complaint.

30. AIG Specialty admits that the Policy is a document that speaks for itself and is the best evidence of the content of the Policy. To the extent the averments in Paragraph 30 of the Complaint are inconsistent with the Policy, said averments are denied.

31. AIG Specialty admits that, "SS&C and AIG mediated their dispute on May 21, 2019," that "the mediation did not result in a settlement," and that "more than 90-days ha[d] passed since the conclusion of the mediation" at the time SS&C filed the Complaint. AIG Specialty denies the remaining averments in paragraph 31 of the Complaint.

## FIRST CAUSE OF ACTION

(Breach of Contract)

32. AIG Specialty incorporates by reference all preceding responses as if fully set forth herein in response to Paragraph 32 of the Complaint.

33. AIG Specialty admits that the Policy is a valid and enforceable contract between AIG Specialty and SS&C and that SS&C was the Named Entity. AIG Specialty denies the remaining averments in paragraph 33 of the Complaint.

34. AIG Specialty admits that portion of paragraph 34 alleging that "SS&C has paid all premiums" for the Policy. AIG Specialty is without knowledge or information sufficient to form a belief as to the remaining averments in Paragraph 34 of the Complaint.

35. AIG Specialty admits that the Policy is a document that speaks for itself and is the best evidence of the content of the Policy. To the extent the averments in Paragraph 35 of the Complaint are inconsistent with the Policy, said averments are denied.

36. To the extent Paragraph 36 of the Complaint seeks to put forward legal conclusions, no response is required. To the extent further response is required, said averments are denied.

37. AIG Specialty admits that it "has denied [indemnity] coverage and [has] not paid any amounts to SS&C in connection with indemnity coverage of the Claim." AIG Specialty denies the remaining allegations in paragraph 37 of the Complaint.

38. AIG Specialty denies that portion of paragraph 38 alleging "[a]s a direct and proximate result of AIG's breach of the Policy." AIG Specialty denies the remaining allegations in paragraph 38 of the Complaint.

## SECOND CAUSE OF ACTION

(Declaratory Relief)

39- 45. AIG Specialty does not respond to paragraphs 39-45 of the Complaint as the Court dismissed this Count by order of November 6, 2019 (ECF No. 28).

## THIRD CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

46. AIG Specialty incorporates by reference all preceding responses as if fully set forth herein in response to Paragraph 46 of the Complaint.

47. AIG Specialty denies the averments in paragraph 47 of the Complaint.

48. AIG Specialty admits that portion of paragraph 48 alleging that "SS&C has paid all premiums" for the Policy. AIG Specialty is without knowledge or information sufficient to form a belief as to the remaining averments in Paragraph 48 of the Complaint..

49. AIG Specialty denies the averments in paragraph 49 of the Complaint.

50. AIG Specialty denies the averments in paragraph 50 of the Complaint.

51. AIG Specialty denies the averments in paragraph 51 of the Complaint.

52. AIG Specialty denies the averments in paragraph 52 of the Complaint.

53. AIG Specialty denies the averments in paragraph 53 of the Complaint.

54. AIG Specialty denies the averments in paragraph 54of the Complaint.

## PRAYER FOR RELIEF

AIG Specialty denies that plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff, SS&C, has failed to state a claim, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff, SS&C, may not be entitled to relief, in whole or in part, to the extent that Exclusion 3(j)(10) contained in the Policy's SPL Coverage Part precludes indemnity coverage for the underlying claim.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff, SS&C, may not be entitled to relief, in whole or in part, to the extent that Exclusion INV(a) of Endorsement #5 contained in the Policy precludes coverage for the underlying claim.

### FOURTH AFFIRMATIVE DEFENSE

AIG Specialty properly responded to the insurance claim based on all evidence available at the time of the response and in accordance with all of the terms, definitions, exclusions, conditions, limitations and provisions of the Policy.

### FIFTH AFFIRMATIVE DEFENSE

AIG Specialty has fully performed any and all of its contractual and other duties, express and implied, to SS&C, and SS&C is estopped to assert any cause of action against AIG Specialty.

### SIXTH AFFIRMATIVE DEFENSE

AIG Specialty adjusted the claim in accordance with the Policy and in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, to the extent that it seeks punitive or exemplary damages, violates AIG Specialty's rights to procedural due process under the Fourteenth Amendment to the United States Constitution as well as the pertinent state constitution, and therefore fails to state a basis upon which either punitive or exemplary damages can be awarded.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint, to the extent that it seeks punitive or exemplary damages, violates AIG Specialty's rights to substantive due process provided in the Fifth and Fourteenth Amendments to the United States Constitution as well as the pertinent state constitution, and therefore fails to state a basis upon which either punitive or exemplary damages can be awarded.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, to the extent that it seeks punitive or exemplary damages, violates AIG Specialty's rights to equal protection under the law under both the United States

Constitution as well as the pertinent state constitution, and therefore fails to state a basis upon which either punitive or exemplary damages can be awarded.

## TENTH AFFIRMATIVE DEFENSE

The Complaint, to the extent that it seeks punitive or exemplary damages, violates AIG Specialty's rights to protection against excessive fines under the United States Constitution as well as the pertinent state constitution and therefore fails to state a basis upon which either punitive or exemplary damages can be awarded.

## ELEVENTH AFFIRMATIVE DEFENSE

SS&C has not alleged facts sufficient to form a basis for a punitive damages award for breach of contract.

## TWELFTH AFFIRMATIVE DEFENSE

AIG Specialty reserves the right to amend its Answer and to add any other defenses (affirmative or otherwise) and make appropriate counterclaims or third-party claims that may be discovered to be applicable after further discovery.

Dated: November 19, 2019

          Respectfully submitted,

          **ATTORNEYS FOR DEFENDANT,
AIG SPECIALTY INSURANCE
COMPANY**

By: */s/ JoAnna M. Doherty*
    JoAnna M. Doherty, Esq.
    Gordon Rees Scully Mansukhani LLP
    1 Battery Park Plaza, 28th Floor
    New York, New York 10004
    Email: jmdoherty@grsm.com

By */s/ Dennis O. Brown*
    Dennis O. Brown
    Email: dbrown@grsm.com
    Regen O'Malley
    Email: romalley@grsm.com
    Greil I. Roberts
    Email: groberts@grsm.com
    Attorneys for Defendant
    95 Glastonbury Boulevard, Suite 206
    Glastonbury, CT 06033
    p: (860) 494-7503
    f: (860) 560-0185

## CERTIFICATE OF SERVICE

I, Regen O'Malley, hereby certify that on November 19, 2019, I caused the foregoing to be filed electronically in the above-captioned action via the Court's CM/ECF system, which caused electronic copies to be served on all counsel of record.

    By */s/ Regen O'Malley*
       Regen O'Malley