USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- x

SS&C TECHNOLOGY HOLDINGS, INC.,          :

              Plaintiff,          :          19-cv-7859 (JSR)

              -v-          :

                        :          MEMORANDUM ORDER

AIG SPECIALTY INSURANCE COMPANY,          :

              Defendant.          :
-------------------------------------- x

JED S. RAKOFF, U.S.D.J.

On December 4, 2019, plaintiff SS&C Technologies Holdings, Inc. ("SS&C") made three applications to this Court with respect to its discovery disputes with defendant AIG Specialty Insurance Company ("AIG"). At the Court's direction, each party submitted a letter brief, both of which will be docketed shortly. On December 5, 2019, the Court issued its rulings via e-mail denying all three applications. This Memorandum Order sets forth the reasons for these denials.

First, the Court denied AIG's application to compel SS&C to search the email records of Jason White, SS&C's General Counsel, because the likelihood of producing relevant non-privileged documents is very small while SS&C's burden for complying with this request would be too high. A vast majority of the requested email records are very likely to be privileged given White's role as General Counsel and the nature of documents sought. Furthermore, White joined SS&C after June 2018, when Tillage

Commodities Fund, L.P. v. SS&C Technologies, Inc., No.

654765/2016 (Sup. Ct., N.Y. Cnty.) (the "Tillage action") was

well in progress and at which point communications from SS&C to

either Tillage Commodities Fund, L.P. or AIG went through SS&C's

outside counsel at Davis Polk & Wardwell LLP ("Davis Polk").[1]

Furthermore, to the extent that relevant non-privileged

communications exist, it is the Court's understanding that AIG

has already been seeking a large portion of them from AON,

SS&C's insurance broker, directly, obviating the need for SS&C

to search White's email records in that respect.[2] Meanwhile, if

the application were granted, the burden on SS&C would be

substantial at this late stage in the action, given that all

discovery related to summary judgment must be completed by

December 19, 2019.

Second, the Court denied AIG's application to compel SS&C

to produce its communications with Davis Polk, because the

---

[1] Virtually all communications from White to Davis Polk regarding
the Tillage action would likely be protected by the attorney-
client privilege.

[2] Furthermore, any discussions between SS&C and SS&C's broker
after the claim was first noticed would likely be protected from
discovery by the attorney-client privilege or the work product
doctrine. See SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props.
LLC, No. 01-cv-9291 (JSM), 2002 U.S. Dist. LEXIS 10919, at *16
(S.D.N.Y. June 19, 2002); TC Ravenswood, LLC v. Nat'l Union Fire
Ins. Co., 2013 WL 3199817, at *2 (N.Y. Sup. Ct. June 20, 2013).

doctrine of common interest does not apply here. For SS&C's communication with Davis Polk to be not privileged with respect to AIG under the common interest rule of the attorney client privilege, SS&C and AIG must share an "identical, not similar," legal interest in the Tillage action. See Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 471 (S.D.N.Y. 2003). No identical legal interest exists here, because, although AIG paid SS&C's defense costs in the Tillage action, AIG denied indemnity coverage for SS&C in the Tillage action prior to and since its inception. The defense of the Tillage action also includes settlement efforts, and AIG's payment of SS&C's defense costs is not sufficient to establish common interest. See Go Med. Indus. Pty., Ltd. v. C. R. Bard, Inc., No. 3:05-mc-522 (DJS), 1998 U.S. Dist. LEXIS 22919, at *9 (D. Conn. Aug. 14, 1998).

Third, the Court denied AIG's application to compel SS&C to produce its correspondence with SS&C's other insurers regarding coverage for the Tillage action, because the intent of and positions taken by other insurance companies regarding other insurance policies are irrelevant or at least immaterial to discerning the intent of AIG and SS&C with respect to the policy language at issue. See ECF No. 28, at 6 (holding that, when

3

interpreting an insurance policy, "[t]he determinative question is the intent of the parties").

SO ORDERED.

Dated:   New York, NY
         December 8, 2019

_____
JED S. RAKOFF, U.S.D.J.

4