UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------- x
SS&C TECHNOLOGY HOLDINGS, INC.,      :
                                     :
            Plaintiff,               :
                                     :
      -v-                            :
                                     :
AIG SPECIALTY INSURANCE COMPANY,     :
                                     :
            Defendant.               :
----------------------------------- x

USDC S:.  :
DOCUM:: .T
FLECTR(; JCALLY FILED
Dic:: #:
D:

19-cv-7859 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

Familiarity with the relevant background to this case is
here assumed. On August 21, 2019, plaintiff SS&C Technologies
Holdings, Inc. ("SS&C") brought the instant three-count action
against defendant AIG Specialty Insurance Company ("AIG"). ECF
No. 1. On November 5, 2019, the Court granted AIG's motion to
dismiss the second count, a claim for declaratory judgment. ECF
No. 28. On January 29, 2020, the Court granted summary judgment
in favor of SS&C on the first count, a claim for breach of
contract, and granted summary judgment in favor of AIG on the
third count, a claim for breach of the implied covenant good
faith and fair dealing. ECF No. 63.

Now before the Court are the parties' cross-motions
regarding how much prejudgment interest, if any, SS&C is
entitled to on the judgment on the first count, from June 13,
2019, the date SS&C paid the settlement amount at issue, to the

date of entry of the judgment. AIG Specialty Insurance Company's Brief with Respect to Prejudgment Interest, ECF No. 64 ("AIG Mem."); ECF No. 65; Plaintiff's Memorandum of Law in Support of its Motion for Prejudgment Interest, ECF No. 66 ("SS&C Mem."). For the reasons set forth below, the Court holds that SS&C is entitled to prejudgment interest at the rate of 10% per year on the judgment on the first count.

Connecticut General Statutes § 37-3a[1] provides that "interest at the rate of ten percent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable." Conn. Gen. Stat. § 37-3a. To award prejudgment interest under § 37-3a, "[f]irst, the claim to which the prejudgment interest attaches must be a claim for a liquidated sum of money wrongfully withheld and second, the trier of fact must find, in its discretion, that equitable considerations warrant the payment of interest." Nelson v. Tradewind Aviation, LLC, 111 A.3d 887, 904 (Conn. App. 2015), cert. denied, 113 A.3d 1016 (Conn. 2015).[2]

---

[1] The Court has previously determined that Connecticut law governs the insurance policy at issue. See ECF No. 28, at 5 n.3.

[2] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

2

The parties do not dispute that the first element is satisfied, but they disagree with respect to the second element. In arguing that equitable considerations do not warrant the award of interest, AIG contends that the parties had a bona fide dispute as to the interpretation of exclusion INV(a) in Endorsement #5, and the Court acknowledged that AIG did not act in bad faith in asserting its position. See ECF No. 63, at 12, 13, 15, 17. Although that may be true, there is no question that SS&C was wrongly deprived of the money to cover its settlement payment, and equity favors compensating SS&C for such wrong. Crosskey Architects, LLC v. Poko Partners, LLC, 218 A.3d 133, 150 (Conn. App. 2019) ("[P]rejudgment interest for money detained after it becomes due is compensatory because it compensates or reimburses plaintiffs for the interest they could have earned on the money that was rightfully theirs, but that was not paid when it became due."). Also, equitable principles that typically weigh against awarding prejudgment interest, such as dilatory conduct by the prevailing party or the potential for duplicative recovery, are not present here. See, e.g., Town of Stratford v. A. Secondino & Son, Inc., 38 A.3d 179, 188 (Conn. App. 2012); Constas v. Risoli, No. FSTCV030197574S, 2013 WL 1943949, at *5 (Conn. Super. Ct. Apr. 19, 2013).

Therefore, the Court awards prejudgment interest to SS&C at the rate of 10% per year from June 13, 2019 to January 29, 2020.[3] The Clerk of the Court should close the entry bearing docket number 65 and enter final judgment.

SO ORDERED.

Dated:    New York, NY

February /5, 2019          JED S. RAKOFF, U.S.D.J.

---

[3] In addition, pursuant to 28 U.S.C. § 1961(a), post-judgment interest at the rate of 1.5475% per year has been accruing since January 29, 2020.